IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| KENNETH JOHNSON, | § | |
| Plaintiff, | § § § | |
| v. | § § | No. 5:23-CV-209-H-BQ |
| SEAGRAVE COMPRESS – TRINITY COMPANY, | § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Kenneth Johnson filed this action under Title VII, alleging that his employer fired him because of his race. Compl. 1, ECF No. 1; *see* Civil Cover Sheet, ECF No. 1 (stating that he is filing suit under Title VII).[1] Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for further proceedings. ECF No. 3.

Not all parties have consented to proceed before the undersigned magistrate judge. Accordingly, the undersigned, considering both the Original and Supplemental Complaint, makes the following findings, conclusions, and recommendations to the United States District Judge. Because Johnson did not file suit within 90 days of receiving his determination letter from the Equal Employment Opportunity Commission (EEOC), the undersigned recommends the district judge **DISMISS with prejudice** Johnson's claims as untimely. Alternatively, if Johnson amends his Complaint within the fourteen-day objection period, pleading facts demonstrating he timely

---

[1] Page citations to Johnson's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

filed suit within the 90-day limitations period or via equitable tolling, the undersigned recommends the district judge order Defendant Seagrave Compress-Trinity Company to answer.

## I. Background

Johnson filed his Original Complaint on September 7, 2023. ECF No. 1. The undersigned subsequently granted Johnson's Application to Proceed *in Forma Pauperis* (IFP). ECF Nos. 2, 5. Because the Court granted Johnson permission to proceed IFP, "[s]ervice of process [was] . . . withheld pending judicial screening pursuant to 28 U.S.C. § 1915(e)(2)." ECF No. 5, at 1. On October 6, 2023, the Court entered an order requiring Johnson to file an amended complaint including the following information: "(1) the date he was fired; (2) whether he filed a claim with the EEOC or [Texas Workforce Commission (TWC)] and, if so, when that claim was filed; and (3) whether he received a right-to-sue letter from one of those agencies." ECF No. 6, at 2 (explaining that "Johnson ha[d] not pleaded any facts showing that he exhausted his administrative remedies by filing an action with and receiving a right-to-sue letter from the" EEOC or TWC).

In response, Johnson filed what is docketed as his Supplemental Complaint. ECF No. 7. In Johnson's Supplemental Complaint, he did not plead additional relevant facts but did attach: (1) a notice from his employer, Seagrave Compress-Trinity Company (Trinity), concerning his health care coverage status and referencing his employment termination date—February 7, 2022; (2) a completed TWC form alleging various forms of discrimination and retaliation by Trinity against Johnson; and (3) a September 29, 2022 letter from the EEOC notifying Johnson of its determination of the charge and his right to sue within 90 days. *Id.*

## II. Standard of Review

Section 1915(e) requires dismissal of an IFP complaint *at any time* if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.[2] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002) (per curiam) (affirming dismissal of pro se, non-prisoner plaintiff's claims as frivolous and for failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### III. Discussion

"Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Taylor*, 296 F.3d at 379 (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam)). Under "Title VII, a plaintiff has 90 days to file suit

---

[2] Johnson is not a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and is not subject to the screening provisions of the Prison Litigation Reform Act. Because Johnson sought and was granted leave to proceed IFP, however, his complaint is nevertheless subject to screening under 28 U.S.C. § 1915(e)(2).

in federal court after [he] receives the EEOC's right-to-sue letter." *Wright v. Arlington Indep. Sch. Dist.*, 834 F. App'x 897, 901 (5th Cir. 2020) (per curiam) (citations omitted); *see* 42 U.S.C. § 2000e-5(f)(1). The 90-day period is triggered when the plaintiff receives the right-to-sue letter. *See Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 740 (S.D. Tex. 2003) ("[T]he ninety-day period [begins] on the date that notice is received at the address supplied to the EEOC by the claimant." (internal quotation marks and citations omitted)). Any claims brought outside the 90-day limitations period should be dismissed. *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 445 (W.D. Tex. 2013); *see Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (per curiam) ("The ninety-day window is strictly construed . . . ." (internal quotation marks and citation omitted)).

Johnson has not alleged when he received the right-to-sue letter. Instead, he merely attached the letter, which only states the date it was issued—September 29, 2022. Suppl. Compl. 5, ECF No. 7. "When the plaintiff does not assert that [he] received [his] notice on a specific date, [the Court] may presume that [he] received it between three and seven days after it was mailed." *Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 547–48 (5th Cir. 2010) (per curiam) (quoting *Taylor*, 296 F.3d at 379). The Court may also "presume that the date of issuance is the date of mailing." *Id.* at 548 (citations omitted). Because Johnson's letter was issued on September 29, 2022, the Court concludes as a matter of law that he received it at the latest by October 6, 2022—seven days after the issuance date. As such, he was required to file his suit in federal court by January 4, 2023. *See Taylor*, 296 F.3d at 380 ("apply[ing] the maximum number of days that courts have allowed under the presumption of receipt doctrine, i.e., seven days after the EEOC mailed the letter" and determining plaintiff did not file within 90 days (cleaned up)). He did not, however, file the instant action until September 7, 2023—more than eight months later.

Because Johnson did not file his suit in federal court within 90 days of receiving his EEOC right-to-sue letter, his claims are untimely and should be dismissed.³ *Id.* (affirming dismissal of plaintiff's case for failure to state a claim because his claims were time-barred); s*ee Escobar v. City of Del Rio*, No. DR-20-CV-0031-AM, 2023 WL 6465132, at *4–5 (W.D. Tex. Oct. 2, 2023) (affirming magistrate judge's conclusion that plaintiff's suit was untimely, where she filed it ninety-one days after receiving her EEOC letter); *Taylor v. Lear Corp.*, No. 3:16-CV-3341-D, 2017 WL 6209031, at *3–4 (N.D. Tex. Dec. 8, 2017) (granting defendant's motion to dismiss, where plaintiff filed suit approximately 240 days after receiving the EEOC right to sue letter); *see also Searcy v. Crowley Indep. Sch. Dist.*, No. 23-10776, 2023 WL 6393901, at *1 (5th Cir. Oct. 2, 2023) (affirming dismissal of plaintiff's Title VII claims under § 1915(e)(2)(B) for failure to state a claim because she did not exhaust administrative remedies). The undersigned therefore recommends the district judge dismiss Johnson's Title VII claims as time barred.

### IV.   Recommendation

For these reasons, the undersigned recommends that the United States District Court dismiss with prejudice Johnson's Complaint and all claims alleged therein for failure to state a claim in accordance with 28 U.S.C. § 1915. Johnson has not alleged facts showing that he timely filed his Complaint or that some basis exists for equitably tolling the limitations period, e.g., the pendency of the same suit in the wrong forum or the EEOC misleading Johnson about his rights. Johnson may—within the fourteen-day objection period—file an amended complaint setting forth any factual allegations he believes demonstrate grounds for the Court to conclude he timely filed

---

³ The Fifth Circuit has observed there are three possible grounds for equitably tolling the 90-day period: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Stokes*, 367 F. App'x at 548 (citation omitted). Johnson has not pleaded facts showing, much less argued, that the 90-day period should be equitably tolled. Compl. 1; Suppl. Compl. 1–5.

this suit or that the limitations period should be equitably tolled. If Johnson cures this defect, the undersigned recommends that the district judge order Trinity to answer.

## V. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: March 5, 2024.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE