UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

KENNETH JOHNSON,

    Plaintiff,

v.

SEAGRAVE COMPRESS – TRINITY COMPANY,

    Defendant.

No. 5:23-CV-209-H-BQ

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court are the Findings, Conclusions, and Recommendation (FCR) of Magistrate Judge D. Gordon Bryant (Dkt. No. 8) and the objections filed by the plaintiff, Kenneth Johnson (Dkt. Nos. 9–10). The FCR recommends that the Court dismiss the plaintiff's claims with prejudice because they are untimely. Dkt. No. 8. The plaintiff's objections argue that his claims were timely filed and that the case should proceed due to "new evidence being submitted." Dkt. No. 9. However, the plaintiff's claim is still untimely, and his new evidence cannot overcome this obstacle. Thus, the Court overrules the plaintiff's objections, accepts and adopts the FCR in full, and dismisses the plaintiff's claims with prejudice as untimely.

1. **Factual and Procedural History**

The plaintiff filed a complaint on September 7, 2023, asserting claims of race discrimination in violation of Title VII. Dkt. Nos. 1; 1-1. Magistrate Judge Bryant issued an FCR recommending that the plaintiff's claims be dismissed for failure to state a claim, pursuant to judicial screening under 28 U.S.C. § 1915(e)(2). Dkt. No. 8. The FCR found that the suit was not filed within 90 days of the presumed date the plaintiff received his

EEOC right-to-sue letter, which was issued September 29, 2022, and thus is time-barred. *Id.* at 4–5. However, the FCR allowed the plaintiff to file an amended complaint with facts demonstrating that he timely filed suit or that the limitations period should be equitably tolled. *Id.* at 5–6.

The plaintiff filed timely objections. Dkt. Nos. 9–10. The plaintiff asserts that "the actual envevelope [sic] that has [the] Determination and Notice of Right's . . . is dated May–9–2022 [sic]." Dkt. No. 9 at 1. The plaintiff attached the envelope, which bears postage dated May 9, 2023. *Id.* at 5. The plaintiff also argues that the Court should "proceed with [the] case do [sic] to new evidence being submitted" and provided "a flash drive with evidence prooving [sic] that the N word was said by Junior Hernandez Seagrave Compress manager." *Id.* at 1–2; Dkt. No. 10. The flash drive contains an audio recording of a conversation between two unidentified persons regarding machinery, which included the statement, "It wasn't a phrasing on you, it was used as to the machine, but, just because, N-word, he's done so much leading up to it, it's his own fault." Dkt. No. 10 at 0:18–0:30. It also contains a response letter from the defendant to the EEOC. *See* Dkt. No. 10.

2.   **Standard of Review**

When a party timely objects to a magistrate judge's FCR, the district court must review the objected-to portions de novo. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The district court may then accept, reject, or modify the magistrate judge's findings and recommendations, in whole or in part. 28 U.S.C. § 636(b)(1). Objections to the FCR must be "specific"; they must "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the

objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Thompson v. Bumpas*, No. 4:22-cv-0640-P, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citing *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex. 2020)). However, the Court need not consider "[f]rivolous, conclusive[,] or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quotation omitted). In such cases, the Court reviews the FCR only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

In addition, the Court has discretion over whether to consider evidence proffered after an FCR has been issued. *See Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*, No. 4:19-cv-201-O, 2022 WL 17986244, at *2 (N.D. Tex. Dec. 29, 2022) (citing *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003)). Courts consider the following factors:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Id.* (citing *Performance Autoplex II Ltd.*, 322 F.3d at 862).

3.  **Analysis**

As an initial matter, the Court will consider both the envelope and the flash drive. As to the first factor, the plaintiff has provided no explanation as to why he did not submit this evidence earlier. However, Judge Bryant's prior Order only directed the plaintiff to allege whether he had received a right-to-sue letter, not the date he received it. *See* Dkt. No. 6 at 2. Thus, the plaintiff likely did not know to submit the envelope earlier. Second, the

date on the envelope is important with regard to the timeliness of the suit, and the recording would be important to the claims themselves. And the third and fourth factors are not relevant here—because this case is subject to judicial screening, the other party is not present and is not prejudiced. *See* Dkt. No. 5. Finally, the envelope is at least partially responsive to the FCR's option of filing an amended complaint showing the suit was timely. *See* Dkt. No. 8 at 5–6. Thus, the Court will exercise its discretion to consider the evidence.

However, even considering the evidence offered by the plaintiff, his suit must be dismissed as untimely. Under Title VII, a plaintiff must "file[] a timely charge with the EEOC and receive[] a statutory notice of right to sue" before suing in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); 42 U.S.C. § 2000e-5(f)(1). A plaintiff must file his civil action within 90 days after he receives that notice. *Taylor*, 296 F.3d at 379; 42 U.S.C. § 2000e-5(f)(1). This limitation period is "strictly construed" and "is a precondition to filing suit in district court." *Taylor*, 296 F.3d at 379 (quotation omitted). If "the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Id.*

Here, the plaintiff has not alleged the date on which he received the right-to-sue letter. *See generally* Dkt. Nos. 1; 7; 9. However, the envelope from the EEOC is dated May 9, 2023. Dkt. No. 9 at 5. Applying the maximum number of days, the presumption arises that the plaintiff received the right-to-sue letter on or before May 16, 2023. *See Taylor*, 296 F.3d at 380. But the plaintiff filed this suit on September 7, 2023—114 days after the presumed date when he received the letter. *See* Dkt. No. 1. Thus, his suit is still untimely, and the Court overrules this objection.

As the FCR noted, the 90-day limitation period may be equitably tolled based on three potential grounds: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 548 (5th Cir. 2010) (citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003)); Dkt. No. 8 at 5 n.3. The third ground applies if "an employee seeks information from the EEOC, and the organization gives the individual *incorrect information* that leads the individual to file an untimely charge." *Manning*, 332 F.3d at 881 (emphasis in original). The plaintiff does not object to the FCR's conclusion that he has not pled facts showing that the 90-day period should be equitably tolled. *See* Dkt. Nos. 8 at 5 n.3; 9. Nor do his objections allege any facts to support equitable tolling. *See* Dkt. No. 9. The plaintiff claims he left several messages for EEOC officials and spoke with one, but this occurred in March 2024, after he had already filed his untimely suit. *Compare* Dkt. No. 1, *with* Dkt. No. 9 at 2–3. And the plaintiff does not claim that the EEOC provided him with incorrect information. *See* Dkt. No. 9 at 2–3. Thus, the Court finds that equitable tolling does not apply, and the plaintiff's claims are time-barred.

Finally, the plaintiff's objection of "new evidence," including the flash drive, is not a specific objection to a finding or recommendation in the FCR. *See Thompson*, 2022 WL 17585271, at *1. Instead, it is a general objection that the suit should proceed despite its untimeliness. However, the plaintiff may not dodge the "precondition" of timely filing his Title VII suit. *See Taylor*, 296 F.3d at 379. Accordingly, the Court has reviewed the rest of the FCR for plain error. Finding none, it overrules this objection.

4.  **Conclusion**

Having reviewed the objected-to portions of the FCR de novo and the remainder for plain error, the Court overrules the plaintiff's objections, and it accepts and adopts the FCR (Dkt. No. 8) in full. The plaintiff's claims are untimely and thus are dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915. The Court will enter judgment in accordance with Federal Rule of Civil Procedure 58 in a separate document.

So ordered on April 12, 2024.

                                        JAMES WESLEY HENDRIX
                                        UNITED STATES DISTRICT JUDGE